**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LAVELLE MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:07-cv-101-SEB-JMS |
| | ) | |
| CORA BALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PROPOSED MEMORANDUM OF DECISION REGARDING AFFIRMATIVE DEFENSE THAT PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

This matter is before the magistrate judge on the defendant's affirmative defense that plaintiff Lavelle Malone ("Malone") failed to exhaust his administrative remedies prior to filing this lawsuit. Summary judgment was previously denied on the affirmative defense, and an evidentiary hearing was conducted on May 12, 2009. Being duly advised, the magistrate recommends that the defendant's affirmative defense be denied for the reasons set forth below.

**I. Background**

This is a civil rights action alleging the use of excessive force in the form of the unprovoked throwing of a ring of keys at the plaintiff by the defendant at the Pendleton Correctional Facility during the evening of March 23, 2006.

The defendant asserts as an affirmative defense that Malone failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action. *See* 42 U.S.C. § 1997e(a)

The defendant's motion for summary judgment as to the issue of administrative exhaustion was denied based on the existence of a disputed question of material fact, that being whether Malone filed a grievance in late March 2006 regarding the claim presented in the complaint even though the facility has no record of this grievance. Malone contends that in late March 2006 he submitted a grievance to his unit counselor and followed up on this twice within 60 days when he received no response, whereas the defendant asserts that no grievance was submitted. Thus, the question here is whether, even though the prison

database does not confirm it, Malone presented a properly filled-out grievance form to an appropriate member of the prison staff to initiate the grievance process and if so, was that step sufficient to exhaust "available" administrative remedies.

## II.  Discussion

### A.  The Prison Litigation Reform Act

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The failure to exhaust as required by the PLRA is an affirmative defense. It is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). This affirmative defense must be resolved before reaching the merits of those claims. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). The question of exhaustion is one which the court is to decide. *Id.*

The prisoner will be found to have exhausted available administrative remedies if prison officials, ignored, obstructed, or mishandled the grievance filed or sought to be filed by the prisoner. See *Dole v. Chandler,* 438 F.3d 804, 813 (7th Cir. 2006)("Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA."); *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004) (vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms); *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003) (finding district court erred by not addressing plaintiffs' claims that prison officials failed to provide him with appropriate grievance forms); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001) (exhaustion requirement may be satisfied where prisoner raises allegations that prison officials failed to provide him with the necessary grievance forms).

On the other hand, if it is the prisoner who has made a mistake in utilizing the grievance process then the prison will be found not to have exhausted available administrative remedies. *See Pozo,* 286 F.3d at 1023-24 ("Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective . . ."); *Dixon v. Page,* 291 F.3d 485 (7th Cir. 2002) (prisoner did not exhaust when, after he did not receive the relief he was promised, he did not appeal to the next level of review); *Lewis v. Washington,* 300 F.3d 829 (7th Cir. 2002) (prisoner's appeal properly denied as untimely when he had received notice of denial of a claim yet failed to appeal that claim until his other claims had also been denied).

### B.   Malone Exhausted his Available Administrative Remedies

In this case, the defendant has not met her burden of proof regarding her affirmative defense that Malone failed to exhaust available administrative remedies. There was an administrative grievance process in effect at Pendleton Correctional Facility at all times relevant to this action. See Exhibit E (dkt 51).[1] However, the process was actually not "available" to Malone in this instance because his grievances were mishandled and he was not instructed on how to appeal a non-response to his grievances.

#### 1.   Malone Properly Filed a Formal Grievance

On this issue, the testimony of Kristy Richardson (formerly known as Kristy Knox) was particularly relevant and credible. Ms. Richardson is employed at Pendleton Correctional Facility as a Unit Counselor. She testified that she remembered receiving at least two grievances submitted by the plaintiff (although she did not specifically remember a third grievance, which the plaintiff states he also submitted). Ms. Richardson, remembers accepting Malone's first grievance and submitting it to a higher authority by placing it in a departmental mailbox. See Exhibit D, dated March 27, 2006 and Exhibit G, dated April 24, 2006.  When Malone failed to receive a response to his grievance he approached Ms. Richardson about it.  Ms. Richardson told Malone to resubmit the grievance and on or about May 23, 2006, Malone gave Ms. Richardson another copy of the grievance and she handed it directly to Grievance Specialist Cooper. See Exhibits F and H. Given this testimony and the exhibits in support, the magistrate judge finds that Malone presented a properly filled-out grievance form to an appropriate member of the prison staff to initiate the grievance process.

#### 2.   Malone was Not Instructed on How to File an Appeal to a Non-Response

The defendant contends that even if Malone properly filed a formal grievance, he was required to file an appeal when he did not receive a timely response to that grievance. There was no evidence that Malone was instructed that he was to file an appeal even if he

---

[1] The evidence included testimony from Malone, Kristy Richardson and Jeff Cooper and documents admitted into evidence by stipulation, specifically Exhibits D-L and O-P, which were previously filed as attachments to Docket No. 51.

did not receive a response to his grievances. Page 22 of the Offender Grievance Process (Exh. E) does state "Failure of staff to respond in accordance with the established time limit or extension at any stage of the process shall entitle the offender to move to the next stage of the process," however, there is no instruction regarding the steps an inmate is to take when he wishes to appeal a non-response.

### III.     Conclusion

Given this evidence the magistrate judge finds that Malone made every effort to exhaust his administrative remedies and that his failure to do so was a result of the staff's failure to properly process and or respond to his grievance. Accordingly, Malone exhausted all of his available administrative remedies. The magistrate judge recommends that the defendant's affirmative defense of failure to exhaust administrative remedies be **denied.**

**IT IS SO ORDERED.**

Date: 05/15/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas J. Grau, DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Matthew James Schafer, DREWRY SIMMONS VORNEHM, LLP
mschafer@drewrysimmons.com

Lavelle Malone
DOC #984073
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064