# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

LAVELLE MALONE,           )
                              )
             Plaintiff,     )
      v.                    )     No. 1:07-cv-101-SEB-DML
                              )
CORA BALL,               )
                              )
            Defendant.   )

## Entry Discussing Motion for Summary Judgment

This is a civil rights action alleging the use of excessive force in the form of the unprovoked throwing of a ring of keys at plaintiff Lavelle Malone ("Malone") by defendant Cora Ball ("Ball") at the Pendleton Correctional Facility ("Pendleton"). Malone seeks compensatory damages and an apology. Ball seeks resolution of Malone's claim through the entry of summary judgment.

Whereupon the court, having read and examined the pleadings, having considered Ball's motion for summary judgment and the opposition and other briefs and materials relating to it, and being duly advised, finds that the motion for summary judgment must be **denied.** This conclusion is based on the following facts and circumstances:

1.      At the time the incident on which Malone's claim is based occurred he was a convicted offender confined at Pentleton. At that same time, Ball was an employee of ARAMARK Corrections Services, Inc. ("Aramark").

2.      As noted, Ball seeks resolution of Malone's claim through the entry of summary judgment. "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted).

a,      Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. Rule 56c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing *Anderson,* 477 U.S. at 248).

b.      "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED.R.CIV.P. Rule 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases).

c.      "In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney,* 526 F.3d at 1104 (internal citations omitted).

3.      Malone's claim is brought pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.

a.      A viable claim under 42 U.S.C. § 1983 requires that the alleged misconduct have been taken under color of state law, *West v. Atkins,* 487 U.S. 42, 48 (1988). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997)(citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

b.      Malone's claim of the use of excessive force implicates the Eighth Amendment proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

c.      Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian,* 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers,* 475 U.S. 312, 317 (1986)); *Richman v. Sheahan*, 512 F.3d 876, 881-82 (7th Cir. 2008)(noting that the "test in eighth amendment excessive force cases . . . [is] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm") (quoting *Hill v. Shelander*, 992 F.2d 714, 718 (7th Cir. 1993)).

4.      The following statement of undisputed material facts is evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Malone as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

a.      On March 23, 2006, Malone was in the kitchen facility at Pendleton. At that time, Malone accused Ball of hiding food from the inmates.

b.      Ball responded to this accusation, which she considered to have been a false accusation, by shaking a set of keys in frustration.

c.      The keys Ball was holding left her grip and struck Malone. The keys Ball was holding left her grip because she threw them at Malone. The keys thrown by Ball struck Malone in the left chest or rib area. There was no physical provocation for Ball to have thrown the keys.

d.      Malone was seen by a nurse shortly after this incident. Malone complained of tenderness underneath his left breast area and of discomfort when inhaling. The examination notes do not indicate that any bruising or lacerations were noticed. Malone's lungs were found to be clear and Malone was found to have had regular, even respiration. Malone was given one dose of Tylenol for his discomfort.

5.      Ball characterizes the event of the keys leaving the grip of her hands and striking Malone as an accident. This characterization is not controlling, however, and Malone's description must at this point be given credence. In determining whether this use of force by Malone could have violated the Eighth Amendment,

[a] court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of physical force. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights.

*DeWalt v. Carter*, 224 F.3d 607, 619 -20 (7th Cir. 2000) (internal citations omitted).

6.   Considering the circumstances presented here, and giving Malone the benefit of the doubt as to the evidentiary inferences which can be made, the keys were the instrument of gratuitous force inflicted on Malone by Ball. The court cannot find the use of force *de minimus* or the injury constitutionally insignificant.

7.   On the basis of the foregoing, therefore, Ball's motion for summary judgment (dkt 102) is **denied.**

**IT IS SO ORDERED.**

Date:  09/28/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas J. Grau
tgrau@drewrysimmons.com

Matthew James Schafer
mschafer@drewrysimmons.com

Lavelle Malone
DOC #984073
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064